IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-111-Z-BR |
| | § | |
| EMELDA AGUIRRE and RUBEN | § | |
| AGUIRRE, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO ORDER PLAINTIFF TO SEEK ENTRY OF DEFAULT
AND MOVE FOR DEFAULT JUDGMENT**

This case was referred to the undersigned United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b) and a Standing Order of Reference from United States District Judge Matthew J. Kacsmaryk. (ECF 9).

## I.  BACKGROUND

On May 24, 2022, Plaintiff filed its Complaint against Defendants. (ECF 1). The docket reflects Defendants were served with a summons and copy of the complaint on May 28, 2022 and June 2, 2022, respectively.[1] (ECF 9 – ECF 11). Defendants did not file an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days of service (*i.e.*, on or before June 20, 2022 and June 23, 2022, respectively). *See* Fed. R. Civ. P. 12(a)(1)(A)(i), (b). As of the date of this Findings, Conclusions, and Recommendation, Defendants have not entered an appearance in this lawsuit. While Plaintiff sought an Entry of Default for each of the Defendants (ECF 16, 20), Plaintiff has not sought default judgment in regard to either Defendant.

---

[1] While the Court notes that the docket reflects that service was effectuated, the undersigned makes no finding as to whether service was properly effectuated.

## II. **ANALYSIS AND RECOMMENDATION**

The record reflects that Defendants have been in default for a period in excess of 90 days. The Local Rules authorize the presiding judge to require a plaintiff to seek entry of default **and** default judgment as to any defendant who has been in default for 90 days. *See* N.D. Tex. Civ. R. 55.1 ("If a defendant has been in default for 90 days, the presiding judge may require the plaintiff to move for entry of a default and a default judgment. If the plaintiff fails to do so within the prescribed time, the presiding judge will dismiss the action, without prejudice, as to that defendant."); *see also* N.D. Tex. Civ. R. 1.1(b) ("The term 'presiding judge' means the judge to whom a case is assigned. The word 'judge' includes district judges and magistrate judges.").

Accordingly, it is the RECOMMENDATION of the United States Magistrate Judge that the United States District Judge ORDER Plaintiff to move for default judgment against Defendants within fifteen days of the Court entering an order accepting this Findings, Conclusions, and Recommendation, if the Court enters such order. *See* Fed. R. Civ. P. 55(a)–(b); N.D. Tex. Civ. R. 55.1, 55.3.

## IV. **INSTRUCTIONS FOR SERVICE**

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO ORDERED.

ENTERED October 4, 2022.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).